**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MATIAS-RAMIREZ, AKA Juan Macias Ramirez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    14-72290<br><br>Agency No. A079-155-445<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:      FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Juan Matias-Ramirez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzlaes*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Matias-Ramirez suffered in Guatemala did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)); *see also Zehatye*, 453 F.3d at 1186 ("mere economic disadvantage alone, does not rise to the level of persecution" (citation and internal quotation marks omitted)). Substantial evidence also supports the agency's determination that Matias-Ramirez failed to establish a well-founded fear of future persecution in Guatemala. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009) (record did not compel a finding of a pattern or practice of persecution). Thus, Matias-Ramirez's asylum claim fails.

In this case, because Matias-Ramirez failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*,

14-72290

453 F.3d at 1190. Thus, Matias-Ramirez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Matias-Ramirez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Matias-Ramirez's contention that the agency failed to consider his claim that he belonged to the social group of "Mam indigenous Guatemalans" is unsupported by the record.

**PETITION FOR REVIEW DENIED.**